**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

James Randolph Frady, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-207126
Lower Court Case No. 2009-CP-37-00451

---

**ON WRIT OF CERTIORARI**

---

Appeal from Oconee County

The Honorable Perry M. Buckner, III, Circuit Court Judge
The Honorable J. Cordell Maddox, Jr., Post-Conviction Judge

---

Memorandum Opinion No. 2015-MO-073
Submitted November 20, 2015 – Filed December 9, 2015

---

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

---

Appellate Defender Benjamin John Tripp, of Columbia,
for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Patrick Lowell Schmeckpeper, of Columbia, for Respondent.

---

**PER CURIAM:**   Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).  We grant the petition for a writ of certiorari as to petitioner's Question II, dispense with further briefing, affirm in part, vacate in part, and remand to the circuit court for consideration in accordance with this opinion.  We deny the petition for a writ of certiorari as to petitioner's Question I.

Petitioner was convicted of grand larceny, first-degree burglary, second-degree arson, possession of a weapon during the commission of a violent crime, and two counts of murder.  Petitioner's direct appeal was dismissed pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Petitioner then filed an application for post-conviction relief (PCR), which was denied after a hearing.

In preparing to appeal the PCR judge's order, petitioner became aware that, due to a malfunction of the court reporter's equipment, the first forty-four minutes of petitioner's fifty-five-minute PCR hearing were not recorded and could not be transcribed.  Accordingly, the nine-page transcript of the PCR hearing contained none of petitioner's case and only a portion of the State's case.

Petitioner filed a motion to reconstruct the PCR hearing, and it was granted.  After an attempt to reconstruct the hearing, the PCR judge sent a letter to this Court indicating the record could not be sufficiently reconstructed.  Petitioner then filed a petition for a writ of certiorari, requesting a new PCR hearing.[1]  Petitioner asserts the incomplete nature of the PCR transcript precludes meaningful appellate review of the denial of his PCR application.

After examining the entire record, including the transcript of petitioner's trial and the partial transcript of the PCR hearing, we find there is evidence of probative value in the record to support the PCR judge's denial of relief on fifteen of the grounds raised by petitioner in his PCR application.  Accordingly, we affirm the

---

[1] Initially, we note the proper procedure for requesting a new PCR hearing after the PCR judge determines the record cannot be reconstructed is to file a motion for a new hearing.  However, in the interest of justice, we will address petitioner's request for a new hearing.

PCR judge's order as to those rulings. *See Narciso v. State*, 397 S.C. 24, 723 S.E.2d 369 (2012) (stating this Court will affirm the PCR judge's findings if any evidence of probative value in the record exists to support those findings).

However, we find we cannot meaningfully review the PCR judge's rulings on six of petitioner's grounds for relief. Accordingly, we vacate the PCR judge's order as to these six rulings and remand petitioner's case to the circuit court for a new PCR hearing, limited to the allegations from petitioner's PCR application listed below:

I.  Defense counsel failed to conscientiously discharge his professional responsibilities while handling petitioner's case.

II.  Defense counsel failed to effectively challenge the arrest and seizure of petitioner.

III.  Defense counsel failed to pursue plea negotiations that may have proven advantageous to petitioner.

IV.  Defense counsel failed to put forward any argument for a minimum sentence at petitioner's sentencing.

V.  Defense counsel failed to challenge the admission of evidence at trial on the basis that the chain of custody had been broken, and that he had not been given an opportunity to examine the evidence.

VI.  Defense counsel withdrew a potentially meritorious motion to suppress.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**